IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION: 1:21-00281-KD-B |
| ) | |
| ANTHONY JACKSON, d/b/a HALF TIME) | |
| SPORTS BAR AND GRILL, ) | |
|     Defendant. ) | |

**ORDER**

This matter is before the Court on Plaintiff's Fed.R.Civ. Rule 55(b)(2) motion for entry of a default judgment against Defendant Anthony Jackson individually and d/b/a Half Time Sports Bar & Grill. (Docs. 17, 18).

On June 22, 2021, Plaintiff initiated this action against the Defendant Anthony Jackson individually and d/b/a Half Time Sports Bar & Grill for satellite piracy/cable piracy in violation of 47 U.S.C. § 605, and alternatively, 47 U.S.C. § 553, alleging that the Defendant wrongfully exhibited and pirated a program to patrons at the Half Time Sports Bar and Grill location, to which Plaintiff held exclusive commercial distribution rights (*Manny Pacquiao vs. Keith Thurman* on July 20, 2019, including all undercard bouts and commentary). (Doc. 1). On June 30, 2021, a summons issued to the Defendant at the following address "2513 Oakmont Court" -- no city and no state were listed. (Doc. 6). On August 6, 2021, Plaintiff filed a Service Notice indicating that service of the summons and complaint had been attempted by USPS certified mail on June 23, 2021, that counsel had periodically checked the tracking status but as of June 27, 2021, the mail was "in transit, arriving late[,]" and there was no additional information regarding its delivery status. On August 27, 2021, an Alias Summons issued to the Defendant to the following address

1

"2513 Oakmont Court" -- again, no city and no state were listed[1]. (Doc. 10). On September 16, 2021, Plaintiff filed a copy of a Summons indicated it was returned "executed" as to the Defendant on September 14, 2021. (Doc. 12). However, the Summons was not actually served on the Defendant Anthony Jackson individually and d/b/a Half Time Sports Bar & Grill; instead, the Summons' Proof of Service indicates that service was accomplished on another individual, Michael Jackson, with the handwritten notation "defendant's brother," as "a person of suitable age and discretion who resides there" -- at the defendant's "residence of usual place of abode of the defendant." (Doc. 12 at 1). No additional information was provided.

On October 14, 2021, Plaintiff filed a motion for entry of default against Defendant Anthony Jackson individually and d/b/a Half Time Sports Bar & Grill, with the Affidavit of F. Page Gamble, Esq., asserting that the Defendant had failed to appear or respond by the date required (October 5, 2021). (Docs. 14, Doc.14-1 (Affidavit)). In support, Plaintiff asserted only that on September 14, 2021, the Defendant Anthony Jackson had been served with the Complaint and Summons in this case. (Doc. 12). On October 15, 2021, the Clerk entered a default against the Defendant. (Doc. 15).

On February 8, 2022, Plaintiff filed a motion for entry of default judgment, asserting that the Defendant has not answered and no counsel has entered an appearance in this Court on his behalf and a Default had already been entered against him. (Docs. 17-18). For same, Plaintiff seeks to recover (as set forth in its Proposed Order): 1) statutory damages per 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendant in the amount of $6,374.25; 2) damages per 47 U.S.C. § 605(e)(3)(C)(ii) from Defendant in the amount of $19,122.75; 3) attorneys' fees per 47 U.S.C. §

---

[1] A review of the Complaint indicates that Plaintiff listed Defendant's certified mail address as 2513 Oakmont Court, Mobile, AL, 36605. (Doc. 1 at 5).

2

605(e)(3)(B)(iii) in the amount of $1,500.00; 4) costs per 47 U.S.C. § 605(e)(3)(B)(iii) in the amount of $502.00; 5) in the event Defendant fails to voluntarily pay the judgment, reasonable attorneys' fees for post-trial and appellate services; and 6) court costs and post-judgment interest on the amounts awarded herein at the statutory rate from the date of this Judgment until paid. (Doc. 18 at 2).

The Federal Rules of Civil Procedure establish a two-part process for obtaining a default judgment. Fed.R.Civ.P. 55. If "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation" the clerk must enter default judgment. Fed.R.Civ.P. 55(b)(1). In all other circumstances, such as here, "the party must apply to the court for a default judgment." Fed.R.Civ.P. 55(b)(2).

However, a review of the Commercial Agreement executed between PBC ON PPV, LLC and Plaintiff (for the licensing rights) indicates that while Plaintiff "may assert claims and file lawsuits in its own name under the Communications and Copyright Acts against unauthorized non-residential/commercial establishments that obtain the Events[]" the governing law for "any dispute" and the "exclusive jurisdiction and venue for the resolution of any dispute arising from or relating to this Agreement" consist of the following:

> 28. **Governing Law; Forum Selection; Consent to Jurisdiction.** This Agreement and its incorporated Exhibits, if any, have been delivered at and shall be deemed to have been made and entered into by each Party at its principal place of business. Accordingly, the rights and liabilities of the Parties shall be determined in accordance with the laws of the State or Commonwealth of its formation, without regard to its principles of conflicts of laws. The Parties agree that the exclusive jurisdiction and venue for the resolution of any dispute arising from or relating to this Agreement shall lie: (a) in the United States District Court, District of California, sitting in Los Angeles, California if PBC commences a lawsuit, and (b) in the United States District Court, Eastern District of Pennsylvania, sitting in Philadelphia, PA if JHP commences a lawsuit. Each Party irrevocably consents to the service of process in any such dispute if served in accordance with the notice provisions contained herein.

(Doc. 17-8 at 3 at ¶¶8, 28). Plaintiff shall thus provide an explanation of how the exclusive jurisdiction and venue contractual terms impact this case in any motion for entry of default judgment. Plaintiff shall also provide case law in support (and/or statutory reference in support) of its request for an award of post-default judgment court costs, "post-trial and appellate services," and/or interest "until such is paid."

**DONE** and **ORDERED** this the **12th** day of **April 2022.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**